8m 397
92 308
8bm397
106 244

# Cloud and wife *vs* Clinkinbeard's Ex'ors.

ASSUMPSIT.

ERROR TO THE BOURBON CIRCUIT.

*Case 94.*

*Devises. Wills. Construction of devises. Evidence.*

JUDGE SIMPSON delivered the opinion of the Court.

*June* 13.

THIS is an action of assumpsit by Cloud and wife against the executors of Isaac Clinkinbeard, deceased, for services rendered and work and labor performed by the wife before her marriage, for Clinkinbeard in his lifetime.

*Case stated and evidence.*

After proof by the plaintiff, on the trial, that Mrs. Cloud, when single, had resided with Clinkinbeard for seven or eight years, and of the value of the services rendered by her during that time, the defendants produced in testimony the last will and testament of Clinkinbeard, containing two legacies to the plaintiff, Mrs. Cloud, one for the sum of five hundred dollars, to be paid in twelve months after his will should be recorded, by the devisees of a portion of his real estate, the other being a bequest of all the testator's household furniture. They also introduced parol evidence of the testator's declarations, for the purpose of showing it was his intention that these legacies should be a payment to the legatee for the services so rendered by her. The introduction of the will and this parol evidence, were both objected to on the part of the plaintiffs.

The Court instructed the jury, that the legacies to Mrs. Cloud were presumptive satisfaction for her services to Clinkinbeard; and the other facts and circumstances in proof, might be taken into consideration by them to aid or repel that presumption. The jury thereupon, found a verdict against the plaintiffs. The propriety of the instruction to the jury, and of the admission of the foregoing evidence, which was objected to, is the question presented for the consideration of this Court.

The instruction of the Circuit Court thereon.

CLOUD & WIFE
vs
CLINKINBEARD's
EX'ORS.

A testator be-
queathing to his
creditor an a-
mount equal to
his indebtedness
or exceeding it,
where it is of the
same nature, is
certain, and no
other motive is
assigned in the
will, is esteemed
a satisfaction:
(2 Story'z Eq
378.)

But where the
legacy is less
than the indebt-
edness—different
in time of pay-
ment, differing
in nature or an
express direction
in the will to pay
debts, it is not
regarded as in
satisfaction of
indebtedness: (2
Roper on Leg. 4
sec. 2; 2 Story's
Eq. 380.)

A bequest of
household furni-
ture or a legacy
of money to be
paid at a future
time, not to be
regarded as giv-
en in satisfac-
tion of a moni-
ed indebtedness
then due: (2
Ves. Jvn. 365;
2 Roper on Leg.
44.)

Where a testator being indebted, bequeaths to his creditor a legacy, the general rule is, that where the legacy is equal to, or exceeds in amount, the debt due; where it is of the same nature; where it is certain and not contingent; and where no particular motive for the gift is assigned in the will; in all such cases the legacy is deemed a satisfaction of the debt: (2 *Story's Equity*, 378, *and the cases cited.*)

But the rule is not allowed to prevail where the legacy is of less amount than the debt, even as a satisfaction *pro tanto;* nor where there is a difference in the times of payment of the debt, and of the legacy; nor where they are of a different nature as to the subject matter; nor where there is an express direction in the will for the payment of debts: (2 *Roper on Legacies*, 40, sec. 2, *and the exceptions therein enumerated*; 2 *Story's Equity*, 380.)

The legacy of the household furniture to the plaintiff, Mrs. Cloud, being a legacy of specific chattels, and the plaintiff's demand being for money, and its amount unliquidated, the debt and the legacy are of a different nature, and the presumption of satisfaction does not arise, this legacy not being embraced by the rule which allows a legacy to operate as a satisfaction of a debt: (2 *Vesey Jun.* 463; 1 *Con. C. C.* 49.)

Neither is the other legacy of five hundred dollars embraced by this rule. It is payable twelve months after the testator's will should be recorded. The plaintiff's demand, if Mrs. Cloud had a right to compensation for her services, was due when the testator died; indeed it was a debt that accrued yearly, if at all, whilst the services were being rendered. There being then a difference in the times of payment, no presumption of satisfaction arises: (2 *Vesey Sen.* 635; 2 *Roper on Legacies*, 41.)

There is also another reason why the presumption of satisfaction does not arise in this case. The testator in his will, directs all his just debts to be paid; if then he owed to the plaintiff, Mrs. Cloud, a just debt, he virtually directed its payment, as well as the payment of the legacies to her: (2 *Roper on Legacies*, 53.) For where

Where a testator
has estate suffi-
cient to be gen-
erons as well as
just, and the lan-
guage of his will
does not import
that a legacy or

a man has estate sufficient both for justice and generosity, and where the language of the instrument does not import a payment, a legacy is regarded as a donation, the mere offspring of the testator's bounty.

Inasmuch then, as no presumption of satisfaction was created by the provisions contained in the will, parol proof of such an intention on the part of the testator, was clearly inadmissible. Such evidence is never admitted for the purpose of creating such a presumption, but only to confirm or repel a presumption, arising on the face of the will: (1 *Roper on Legacies, sec. 2, chap-*6.) The general principle being that the intention of the testator is to be collected from the will itself, and parol evidence is not admissible except in the case of a latent ambiguity, or to rebut a resulting trust, or to confirm or repel a presumption arising from the language of the will, or the nature and character of its provisions.

In cases where the presumption of satisfaction exists, and the legacy operates as an extinguishment of the debt due by the testator to the legatee, it is a mere equitable and not a legal presumption, and is only available in a Court of equity, and not in a Court of law.

The will then, was improperly admitted as evidence, unless it aided in illustrating the questions involved in the issue which the jury had to try. It appeared in proof that Mrs. Cloud was a relative, and had lived in the family of the testator and been treated more like a child than a servant or a dependant. If during the time she lived with him, the testator believed himself under no legal obligations to pay for the services rendered by her, and she did not intend to demand compensation therefor, or expect to receive it, except as an act of his bounty, then the law will not imply a promise to pay on his part. Unless, however, such an understanding of the parties is fairly deducible from their attitude and conduct, the law does, in the absence of all circumstances to repel such an inference, imply a promise to pay a reasonable compensation for the services rendered. This question the jury had to determine, and in the event of its decision in the plaintiff's favor, they

CLOUD & WIFE
*vs*
CLINKINBEARD'S
EX'ORS.

bequest is as a payment, the gift will be regarded as a donation. But parol proof is not admissible to show the intention of the testator in such cases.

The presumption that a legacy is in satisfaction of a previous indebtedness, is an equitable, not a legal presumption, and only available in a Court of equity.

had also to estimate and ascertain the value of the services. The testator's will furnished no aid in the determination of either of these questions, and was, consequently, irrelevant to the matters in issue, and should have been excluded.

The judgment is, therefore, reversed, and cause remanded, that a new trial may be awarded and for further proceedings consistent with this opinion.

*Victor* for appellants; *Williams* for appellees.