HUMBERD v. COLLINGS ET AL.

[No. 2,440. Filed April 29, 1898.]

HUSBAND AND WIFE.—*Tenants by Entireties.—Gravel Road Assessments.—Appeal by Husband.*— Where an assessment for a free gravel road was made against lands held by husband and wife as tenants by entireties, and the husband alone appealed from such assessment to the circuit court and was relieved therefrom by reason of irregularities in the proceedings, such assessment cannot be enforced against the land or any part thereof by reason of the failure of the wife to join in the appeal.

From the Parke Circuit Court. *Affirmed.*

*J. M. Johns* and *E. Hunt,* for appellant.

*T. N. Rice, J. T. Johnston* and *Albert M. Adams,* for appellees.

WILEY, J.—This was an action by appellant against appellees, to enforce the collection of an assessment for the construction of a free gravel road. Appellees were owners, as tenants by entireties, of certain real estate within the statutory limits of the highway improved. The proceedings for the construction of the free gravel road were under the provisions of the act of 1885, and the amendments thereto. Appellees' real estate was assessed for benefits, and the superintendent of construction issued his certificate against the real estate for the construction of the improvement, to pay for its proportional part, and delivered the same to appellant, as the contractor.

The said certificate was made a part of the complaint, and is as follows: "This is to certify that I,

the undersigned superintendent, duly appointed by the board of commissioners of Parke county, in the State of Indiana, to superintend the construction of the M. R. Burke *et al.*, free gravel road in said county, have assessed one hundred and thirty-eight dollars against the following described tracts of land in said county, to wit:

| Description. | S. | T. | R. | Acres. | Ben. Ass'd. |
|---|---|---|---|---|---|
| N. E. 4 N. E. 4 | 6 | 15 | 6 | 36.50.... | $40.00 |
| N. W. 4 N. E. 4 | 6 | 15 | 6 | 36.50.... | 31.00 |
| S. W. 4 N. E. 4 | 6 | 15 | 6 | 40.00.... | 35.00 |
| S. E. 4 N. E. 4 | 6 | 15 | 6 | 40.00.... | 32.00 |

$138.00

Belonging to Sarah E. Collings and H. D. Collings, to pay said land's proportional part for the construction of said work, and all costs and expenses thereof; and that the sum above is payable in six equal installments, in six, twelve, eighteen, twenty-four, thirty, and thirty-six months from date, with six per cent. interest from date; and, if any installment is not paid when due and demand made, the whole certificate shall become due and payable, but the whole amount of this certificate may be paid at any time by the owner or owners of the above lands. November 4, 1895. •$138.00. Moses R. Burke, Superintendent."

The complaint avers the filing of a petition for the improvement, notice to appellees and all others interested, and that, on presentation to the board of commissioners and after evidence was heard, the board found that due notice had been given, and that the petition had been signed by a majority of the resident land owners within two miles of the proposed improvement; that viewers were appointed and a favorable report made; that said viewers assessed benefits and damages, and shows the assessment as above

set out; that thereupon due notice of the filing of the report of the viewers was given, and that the same would be heard at a time stated; that said report was confirmed, and the assessments made approved by the board; that a superintendent was appointed, gave bond, and gave notice for letting the contract, etc. The complaint further charges that appellant made a demand upon appellees for payment of the install-ment and interest due, and their refusal to pay the same, and that by reason thereof the whole of said cer-tificate became due.

A demurrer to the complaint was overruled. The appellees answered separately. The separate an-swer of Harvey D. Collings admits all the material averments of the complaint, except that there is no admission that the petition for the improvement was signed by a majority of the resident land owners re-siding within the statutory limit of the proposed im-provement. He then avers that he and others duly appealed from the order and judgment of the board of commissioners ordering said improvement, to the Parke Circuit Court, and that upon a final hearing, said court found as to him that all of said proceedings were void; that he was not bound thereby; and ren-dered judgment accordingly; and that, by reason of the judgment of said circuit court, said certificate was not binding upon him, and did not become a lien on his real estate; and prayed for judgment, etc. The separate answer of Sarah E. Collings was, in sub-stance, like that of her co-appellee, except it does not aver that she appealed from the order of the board of commissioners, but that her codefendant, who was her husband, and others, did appeal, and that by the judgment of the Parke Circuit Court, all proceedings of the board of commissioners were declared to be void and of no effect as to her co-appellee; and that by

reason thereof said certificate did not become a valid lien upon the real estate therein described, which, at the time, was held by her and her co-appellee as tenants by entireties, but that the same was void, a cloud upon their joint title; and she prayed that the same might be declared void, and that appellant and all persons claiming under him be enjoined from attempting to collect it, etc. The demurrer to each of these answers was overruled, and appellant excepted. The appellant replied separately to each of the paragraphs of answer.

In his reply to the separate answer of appellee Harvey D. Collings, it is admitted that he appeared before the board of commissioners and filed his objections to the proposed improvements, which objections, omitting the caption, etc., were as follows: "Comes now Harvey D. Collings and LaFayette Grose, for themselves and others, and show the court that they are resident land owners within two miles of the improvement prayed for, and moves the court to dismiss the petition herein, because the same is not signed by a majority of all the resident land owners, within two miles of the improvement prayed for in said petition." The reply further admits that, upon appeal, appellee renewed his objections, and that by the judgment of the Parke Circuit Court the proceedings of the commissioners, as to him, were set aside, etc. It is then averred that at the time appellee Harvey D. Collings owned certain lands in his own name, affected by said improvement and liable to be assessed therefor, which said lands are described; that he and his co-appellee were owners as tenants by entireties of the land described in the certificate sued upon, but that at no time did appellee Harvey D. Collings, for himself and wife, as tenants by entireties, make any objection to the improvement or to the assessment of the land de-

scribed in the complaint.   It is then averred that the lands described in the complaint were not relieved or released from the lien of the assessment as made by said proceedings in the Parke Circuit Court.   A copy of the order book entries and judgment of the circuit court is filed with the reply as an exhibit.

Appellant's reply to the separate answer of appellee Sarah E. Collings avers, substantially, the same facts as those in his reply to the answer of Harvey D. Collings, and differs from it only in the averment that Harvey D. Collings did not at any time, for himself and his wife, as tenants by entireties, or in company or jointly with her, file any objection to the proposed improvement, or the assessment of the lands described in the complaint, and that the judgment entered by the circuit court did not describe or refer to the lands owned by appellees as tenants by entireties. The court sustained a demurrer to these separate replies, to which the appellant excepted, and, refusing to plead further, judgment was rendered against him for costs. The adverse rulings on these several demurrers are assigned as error.

It appears from the facts stated that appellees were tenants by entireties, and as such, owned the real estate against which appellant seeks to enforce his alleged claim.   Appellee Sarah E. Collings did not appeal from the order and judgment of the board of commissioners, and the sole question for determination is, are the appellees, or either of them, relieved from liability by virtue of the judgment of the circuit court on the appeal of the appellee Harvey D. Collings, under the facts stated in the answers and reply?

It seems to us that there can be no doubt but what by his appeal, and the judgment of the circuit court, appellee Harvey D. Collings was released from the

force and effect of the judgment of the board of commissioners, and the latter judgment was vacated. See *Anderson* v. *Claman,* 123 Ind. 471; *Fleener* v. *Claman,* 126 Ind. 166; *Cason* v. *Harrison,* 135 Ind. 330. It seems equally clear also, that the judgment of the board of commissioners against appellee Sarah E. Collings, from which she did not appeal, is effective and binding against her individually, and would be a lien upon her individual property, if embraced within the judgment. But here appellant seeks to enforce a lien against real estate held by appellees as tenants by entireties, and to determine his right to the remedy pursued, we must look first to the nature and principles of such tenancy. The common law fiction of the unity of the husband and wife, applies with much force here. At common law they were one person, and when realty vested in them they took as one person. Where real estate vested in them both equally with a third party, they together took but one share or moiety, and the third party took the other share or moiety. The common law rule has not been changed by statute in this State, in so far as it relates to tenancies by entireties. As stated in 9 Am. and Eng. Ency. of Law, page 850, the rule is: "That moiety, or in case the whole property vests in them alone, the whole, they take as one person, they take but one estate as a corporation would take. In case of realty, they are seized, not *per my et per tout,* as joint tenants are, but simply *per tout*; both are seized of the whole, and each being thus seized of the entirety, * * * and the estate is an estate by entireties." In *Den* v. *Hardenbergh,* 10 N. J. L. 42, 45, the court said: "The very name joint tenants, implies a plurality of persons. It cannot then aptly describe husband and wife, nor correctly apply to the estate vested in them, for in contemplation of law they are one person. * * * Of

husband and wife, both have not an undivided moiety, but the entirety.   *   *   *   Each is not seized of an undivided moiety, but both are, and each is seized of the whole." See, also, *Taul* v. *Campbell*, 7 Yerg. (Tenn.) 319, 27 Am. Dec. 508.

Neither tenant by the entirety can convey his or her interest in the estate so as to affect their joint use of the property during their joint lives, or to defeat the rights of the survivor upon the death of either of the co-tenants.   Neither can there be partition between tenants by the entireties.   Upon the latter proposition the case of *Chandler* v. *Cheney*, 37 Ind. 391, is very instructive.   One of the co-tenants by the entireties cannot convey or encumber the estate so held without the consent of the other, and neither is the estate liable for the debts of one of the tenants.   If one of such co-tenants dies, the estate continues absolute in the survivor.   The estate by entireties is inseverable, can not be partitioned; and neither husband nor wife can alone affect the inheritance, the survivor's right to the whole.   See, in adition to the authorities cited, *Hemingway* v. *Scales*, 42 Miss. 17; *Farmers and Mechanics Nat'l Bank* v. *Gregory*, 49 Barb. (N. Y.) 155; *Bennett* v. *Child*, 19 Wis. 383; *Corinth* v. *Emery*, 63 Vt. 505.

Mr. Preston, who was the greatest conveyancer and authority upon titles in England, said: "The husband and wife have not either a joint estate, a sole or several estate, nor even an estate in common.   From the unity of their persons by marriage, they have the estate entirely as one individual, and on the death of one of them, the entire tenement will, for all the estate of which they are seized in this manner, belong to the survivor, without the power of alienation or forfeiture of either alone, to prejudice the right of the other." Preston on Estates, 131.   This rule of the common law has been engrafted into the statute laws of this

State, by express enactment of the legislature, and has been recognized and acted upon since 1807. And although the rights of married women have been enlarged by the statute, and especially by the married womans' act of 1881, yet the unbroken line of authorities in this State are to the effect that the common law rule as to tenancies by entireties has not been abrogated or changed. See *Carver* v. *Smith,* 90 Ind. 222, and authorities there cited. And so in this State, where husband and wife hold real estate as tenants by entireties, the estate is not subject to execution and sale to satisfy a debt against either. *Bevins* v. *Cline,* 21 Ind. 37; *Davis* v. *Clark,* 26 Ind. 424, 89 Am. Dec. 471; *Patton* v. *Rankin,* 68 Ind. 245, 34 Am. Rep. 254; *Lash* v. *Lash,* 58 Ind. 526. Many other authorities might be cited.

It appears from the record in this case that the circuit court, by its judgment, released the appellee Harvey D. Collings from the assessments, which was equivalent to releasing his lands, which were subject to such assessments. This is apparent for the reason that the assessment of real estate for the construction of a free gravel road, creates an obligation *in rem* and not *in personam.* In the order and judgment of the court, no real estate whatever is described, but it does appear that an assessment against the appellee Sarah E. Collings was confirmed in the sum of $20.00. It is manifest that this was no part of the assessment which appellant is seeking here to enforce. By his appeal to the circuit court, appellant Harvey D. Collings, sought the only remedy at his command and known to the law, for relief from an assessment for the construction of a free gravel road, which was unauthorized and void, because the petition for the improvement was not signed by the requisite number of property owners whose lands were to be affected. So

far as such proceedings affected the lands in contro-versy, he owned it, under the authorities above cited, and the fundamental principles underlying tenancies by the entireties.    True he could not encumber or dis-pose of it without his wife joining him, yet because this is true, it does not necessarily follow that he could not protect his rights in it, as well as the rights of his wife.    He was in possession of the property, and the right of possession, if nothing more, gave him the right to protect it.    *Sheridan Gas, Oil & Coal Co.* v. *Pearson*, 19 Ind. App. 252, is strongly in point.    There appellant and his wife were owners, as tenants by entireties, of property occupied by appellee as a store room.    There was an explosion of natural gas, where-by the building was damaged, and it was held that he could recover in his own right for the injury sus-tained.    Comstock, J., delivering the opinion of the court, collected and cited a number of cases strongly in point.    From the principles upon which tenancies by the entireties are based, and the authorities to which we have referred, we are of the opinion that the court did not err in overruling appellant's de-murrer to the separate answers of appellees, and in sustaining appellees' demurrer to appellant's reply thereto.    Judgment affirmed.