## Hunt et al. *v.* Hinshaw, Administratrix.

[No. 4,742.    Filed April 20, 1904.]

Mortgages.—*Against Land Devised.— Decedents' Estates.— Wills.*— A debt secured by a mortgage on land devised is a debt against the testator's estate, to be discharged as provided by §§2739, 2743 Burns 1901, *pp. 76–79.*

Executors and Administrators.—*Sale of Devised Real Estate for Payment of Debts.*—In order to sell devised lands for the payment of debts it must appear that the personal property not specifically bequeathed is insufficient, that the testator left no real estate undisposed of by the will, or that the real estate undevised is insufficient to discharge the debts.    *p. 79.*

Same.—*Sale of Real Estate.—Petition.— Wills.—Election by Widow.*—An averment in a petition for the sale of real estate for the payment of debts that "there is no personal estate of said decedent to pay and discharge said claim, as by the terms of said will all of the personal estate of said decedent was given to said decedent's widow," is insufficient for the purpose of showing that the personal estate of testator was not subject to the payment of his debts, where it was not shown that the widow elected to accept the provisions of the will as required by §2648 Burns 1901. *pp. 79, 80.*

Wills.—*Payment of Debts.—Executors and Administrators.*—Where a testator in the opening clause of his will directed the payment of all his debts, without specifying any part or parcel of his estate that should be applied to that purpose, §§2739, 2743 Burns 1901 control.    *p. 80.*

From Randolph Circuit Court; *H. C. Fox,* Special Judge.

Proceeding by Eliza Hinshaw, administratrix of the estate of Absalom Hinshaw, deceased, against Mary Hinshaw Hunt and others to sell real estate.    From a judgment for plaintiff, defendants appeal.    *Reversed.*

*J. S. Engle, F. S. Caldwell* and *W. G. Parry*, for appellants.

*A. L. Nichols* and *C. A. Carter*, for appellee.

HENLEY, C. J.—This was an action by appellee to procure an order of court to sell certain real estate to make assets to pay debts. The legatees and heirs of the deceased testator were made defendants. The trial court ordered the real estate sold as prayed in the petition. The only questions presented by the appeal arise upon the action of the trial court in overruling the separate demurrer of appellant Mary Hinshaw Hunt to the petition, and in sustaining the appellee's demurrer to the separate answer of said appellant.

The averments of the petition show the date of the testator's death; the names of all the heirs and legatees; that the total value of the personal estate which has come to the knowledge or possession of the administratrix is $1,003.08; that by the terms of decedent's will all of the personal property was given to the widow; that all claims filed against said estate have been paid by the administratrix out of the sale of the personal property, except a mortgage debt of $1,000, filed as a claim against said estate, which claim is now pending and unpaid; that by reason of the fact that all the personal estate of decedent was given to his widow by the terms of the will, there is no personal estate with which to pay and discharge the said claim.

The will is made a part of the petition. The part of the will which is material in the consideration of the question of the sufficiency of the petition is as follows: "It is my will and desire that all my just debts and funeral expenses be first paid by my executor. Item First. I do will, devise, and bequeath to my wife, Eliza Hinshaw, all the following described real estate, to have and to hold during her natural life, viz.: The southeast quarter of northwest quarter, and the north half of the east half of the southwest quarter, and ten acres off of the southwest quarter

of section fifteen, township nineteen, range fifteen east, in Randolph county in the State of Indiana, estimated to contain ninety acres, more or less, being the same land I bought of Elwood Hinshaw; and after the death of my said wife, I bequeath the said above-described land to my daughter Mary Hinshaw to have and to hold in fee simple forever.  Item Second.  I will, devise, and bequeath to Columbus Hinshaw the following described real estate, to wit:  The south half of the southwest quarter and twenty-six acres off of the south end of the northeast quarter of the southwest quarter of section fifteen, township nineteen north, range fourteen east, in Randolph county, Indiana, being 106 acres, more or less, to have and to hold in fee simple forever, subject, however, to the payment of a rent or to the payment of the rents and profits on one-third part of said real estate to my said wife, Eliza, during her natural lifetime, and I do hereby charge said land with the payment of one-third part of the rents and profits of the same to my said wife, Eliza, during her natural life, and I bequeath and will to my said wife, Eliza, the rents and profits of the one-third part of said real estate during her natural lifetime.  Item Third.  I do hereby will and bequeath to my said wife, Eliza Hinshaw, all my personal property, money, and notes, which I may have at the time of my death, to have and to hold during her natural life-time and to sell and convert any part or the whole of my said personal property into money as to her may seem best, and to use such part of the same as she may need in her support, and after the death of my said wife, Eliza, I will, devise, and bequeath all the remainder of said personal property, money, notes, and the proceeds of any part of the same, so converted to money, and all the interest accrued thereon, and all personal property acquired from said money and personal property, and from any investments made with the same, together with any unexpended and unused rents and profits of said land to my children

and the descendents of such as may be dead, share and share alike."

The petition further avers that the testator, Absalom Hinshaw, died on the 31st day of December, 1900, and that his said will was probated·on the 3d day of January, 1901; that after the execution of said will, 'and on the 16th day of November, 1898, said testator mortgaged to the State of Indiana the· following described real estate, viz., the southeast quarter of the northwest quarter and the north-east quarter of the southwest quarter of section fifteen, township nineteen, range fourteen east, in Randolph county, Indiana, to secure the payment of the debt to the State of Indiana in the sum of $1,000; that said real estate so mortgaged "is liable to sale to make assets for the payment of said mortgage debt;" that the probable value of said real estate, exclusive of the rights of the widow of decedent therein, is $2,500. The prayer of the petition is that the court order the sale of the mortgaged real estate, subject to the rights of the widow, for the purpose of discharging the mortgage lien.

The testator, in his will, by its very first operative provision, said: "It is my will and desire that all my just debts and funeral expenses be first paid by my executor." No specific part or parcel of his estate was thereby charged with the payment of the debts or with the payment of any particular part of the debts. This was the only reference made by the testator in his will to debts. It can not be denied that the debt secured by the mortgage on the land devised to the appellant Hunt was one of the debts of the estate. By §2743 Burns 1901 it is provided: "Whenever any person shall have devised his estate, or any part thereof, and any of his real estate subject to a mortgage, executed by such testator, shall descend to an heir or pass to a devisee, and no specific direction is given in the will for the payment of such mortgage, the same shall be discharged as follows: First. If such testator shall have charged any

particular part of his estate, real or personal, with the payment of his debts, such mortgage shall be considered a part of his debts.   Second.   If the will contain no direction as to what part of his estate shall be taken for the payment of his debts, and any part of his personal estate shall be unbequeathed or undisposed of by his will, such mortgage shall be included among his debts, to be discharged out of such estate unbequeathed or undisposed of."

By §2739 Burns 1901 it is provided that whenever the personal estate is insufficient to pay the debts of a testator, the real estate, if any, left undevised by the will, shall be first chargeable with the debts in exoneration, as far as possible, of the real estate that is devised, "unless it shall appear from the will that a different disposition of the assets for the payment of his debts was made by the testator."

It is clearly apparent from the sections of the statute cited that, in order to sell devised lands for the discharge of testator debts, two of the essential averments of the petition must be, (1) that the personal property not specifically bequeathed is insufficient for the purpose of discharging the debts; (2) that the testator left no real estate undisposed of by the will, or that the real estate undevised by the will is insufficient for the purpose of discharging the debts. In the case at bar the second requirement is entirely wanting.   The petition is silent as to whether or not the testator died seized of any estate in lands which was not specifically disposed of.   The averment of the petition that "there is no personal estate of said decedent to pay and discharge said claim, as by the terms of said will all of the personal estate of said decedent was given to said decedent's widow," is insufficient for the purpose of showing that the testator's personal estate was not subject to the payment of his debts.   Its effect was merely to show that the testator, by the terms of his will, disposed of all his personal property.   This the will itself disclosed.   But the personal

property in question was all bequeathed to the widow, who, in her administrative capacity, was the petitioner in the trial court and is the appellee here.   Under §2648 Burns 1901, the provisions of which section relate to personal property only, devised to a widow, she must signify whether or not she accepts the provisions of the will by taking affirmative action in manner and form and within the time prescribed by the statute.   This election must be made within ninety days, and is a right personal to the widow, and can be exercised by no other person.   If the widow fails to elect, the personal property descends to the heirs under the law of descent. · *Miller* v. *Stephens,* 158 Ind. 438.

It appears from the petition that testator left personal property which went into the hands of the administratrix, and sufficient facts are not averred to relieve the personalty from being used to discharge the debts, one of which was the mortgage in question.   The testator, in the opening clause of his will, having directed the payment of all his debts, and not having directed therein that any specific part or parcel of his estate should be applied to that purpose, we think §§2739, 2743, *supra,* control.

The petition is fatally defective for the reasons stated. Judgment reversed.