## BLOCK v. BUTT, ADMINISTRATOR.

[No. 6.359.   Filed April 8, 1908.]

1. DECEDENTS' ESTATES.—*Debts.—Administration.—Wills.*—Where the entire property of a decedent is disposed of by his will, and there are no debts, administration is not necessary.   p. 488.
2. WILLS.—*Election.—Widow.—Real and Personal Property.*—To retain a devise, the widow is not required to file an election to take under the husband's will, but prior to 1907 (§3045 Burns 1908, Acts 1907, p. 73) a widow, in order to take a bequest thereunder, was required (§3025 Burns 1908, Acts 1891, p. 404) to file her written election with the clerk within ninety days after the probate of such will; and the fact that the devise and the bequest were made in the same item of the will made no difference. p. 488.

From Dearborn Circuit Court; *George E. Downey*, Judge.

Exceptions by Elviena Block to the appointment of Frederick H. Butt, as administrator with the will annexed of the estate of Albert W. Butt, deceased.   From an order overruling her exceptions, she appeals. , *Affirmed.*

*Givan & Givan*, for appellant.

*Taylor, Woods & Willson* and *T. S. Cravens*, for appellee.

ROBY, C. J.—The question for decision arises on the sustaining of appellee's motion to strike from the files appellant's objections to his confirmation as administrator with the will annexed of the estate of Albert W. Butt, he having been appointed and qualified as such on August 16, 1905. For ground of objection to such confirmation appellant set up that she was the widow of the decedent, who died testate. That one item of his will was as follows:

"I give, devise and bequeath all my real estate, and personal estate whatsoever and wheresoever unto my wife Alviena Butt, her heirs, executors, administrators and assigns for her and their own use and benefit forever."

That said Albert W. Butt departed life December 2, 1899; that his will was probated December 9, 1899; that the same

is in full force and effect, and that by its terms the title to both the real and personal estate owned by the testator vested in her, and she is the owner thereof; that as such legatee and devisee she took possession of the property, real and personal, paid all the debts and expenses; that there are no debts or expenses unpaid so as to require administration; that she is not squandering the estate, but taking care of the same, and using the income for the support of her family.

The determination of the appeal depends upon what interest the appellant showed herself to have in the estate of her husband. If she is the sole legatee, and all debts and expenses are paid, there need be no administration. *Bowen* v. *Stewart* (1891), 128 Ind. 507. So far as the real estate is concerned, it was not, necessary to aver that she had elected to take under the will. In the absence of an election the widow takes real estate under the will. §3043 Burns 1908, Acts 1885, p. 239. With regard to personal property the rule is directly the reverse, and she must, within ninety days, elect to take under the will, or she will take under the law. §3025 Burns 1908, Acts 1891, p. 404. Such election must be in writing, signed by the widow, and acknowledged before some officer authorized to take the acknowledgment of deeds, and must be made within ninety days after the will has been admitted to probate. §§3025, 3043, *supra; Miller* v. *Stephens* (1902), 158 Ind. 438; *Hunt* v. *Hinshaw* (1904), 33 Ind. App. 75; *Chaplin* v. *Leapley* (1905), 35 Ind. App. 511. The fact that both real and personal property are disposed of in the same item of the will does not change the requirement as to election by the widow. *Miller* v. *Stephens, supra.*

Election by the widow as to personal property was, by the legislature of 1907 (Acts 1907, p. 73, §3045 Burns 1908), made the same as to real property, but such act does not govern in this, a case arising prior to its enactment.

Judgment affirmed.