Miller *v.* Stephens.

---

## MILLER ET AL., EXECUTORS, *v.* STEPHENS, ADMINISTRATOR.

[No. 19,736.    Filed April 30, 1902.]

WILLS.—*Husband and Wife.—Election by Widow.—Personal Property.— Real Estate.*—Section 2648 Burns 1901 providing that where a husband dies testate his will shall have no effect upon his widow's right to one-third of his personal property remaining after the payment of his debts, unless she elects to take thereunder within ninety days after the will has been admitted to probate, and §2666 Burns 1901 which provides that if the widow does not elect within a year to take under the law instead of under her husband's will she shall be confined to her rights under the will as to the real estate, are independent, substantive provisions. *pp. 440–443.*

SAME.—*Election by Widow.*—The right given a widow to elect to take under the law or under the provisions of her husband's will (§§2648, 2666 Burns 1901) is purely statutory, and can only be enjoyed by a compliance with the statute conferring it. *p. 443.*

SAME.—*Election by Widow.—Statute as to Personal Property.*—The provision of §2648 Burns 1901 that if a widow elect to take under the provisions of her husband's will instead of one-third of his personal property given to her by law, she shall make her election within ninety days after the will has been admitted to probate,

Miller *v.* Stephens.

and, "in the same manner as widows are now required by law to elect," has the same force and effect as if the words of §2666 Burns 1901 requiring the election to be in writing, signed by the widow, and acknowledged before some officer authorized to take the acknowledgment of deeds appeared in its stead. *p. 443.*

WILLS.—*Election by Widow.*—*Right of Personal Representative to Question Validity of Election.*—Although the right of election is personal to the widow, and can be exercised by no other person, her personal representative may question the validity of an alleged election by his decedent. *pp. 443, 444.*

SAME.—*Election by Widow.*—*Action to Annul.*—Where the executor of the will of the husband proceeded to settle his decedent's estate on the theory that his widow had elected to take under the will, the administrator of the deceased widow's estate may maintain an action to have the alleged election of the widow judicially declared void and expunged from the will record. *p. 444.*

From Posey Circuit Court; *O. M. Welborn,* Judge.

Suit by Ezra Stephens, administrator of the estate of Celeste S. Murphy, deceased, against Julius C. Miller and others, executors of the will of Edward Murphy, deceased, to set aside an alleged election by Celeste S. Murphy, deceased, to take under the will of her deceased husband, Edward Murphy. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*F. P. Leonard,* for appellants.

*G. V. Menzies* and *W. S. Jackson,* for appellee.

HADLEY, J.—Edward and Celeste Murphy were husband and wife, old and childless. Edward died December 3, 1900, testate, leaving real estate of the value of $3,000, and a personal estate of the value of $31,000. The will provided that Celeste should have, "in consideration of her surrendering all her legal claims" to her husband's estate, the household effects, and $2,000 per annum during her life. Excepting a few trifling legacies, the remainder of the estate was bequeathed to certain benevolences in New Harmony. Appellants, as executors, entered upon the execution of the will. On the day of Edward's death, Celeste signed a paper in these words: "The foregoing will of my late husband Dr. Edward Murphy, dated July 26, 1899, having

been carefully read and explained to me, I hereby elect to take my interest in said estate under the provisions of said will, and I hereby renounce all my rights and interest under the laws of Indiana." There was no acknowledgment of the writing before an officer. This paper was filed, and, with the probate of the will, recorded in the office of the clerk, in the record of wills on the 6th day of December, 1900, and on the 8th day of December, five days after her husband's death, Celeste died intestate. Appellee, as her personal representative, brought this action to have said pretended election set aside and held for naught. A demurrer to the complaint was overruled, and appellants refusing to answer, judgment was entered for appellee in accordance with the prayer of his complaint. Appellant argues four propositions in support of his appeal: (1) That §§2648, 2666 Burns 1901, relating to the subject of election by widows, are upon the same subject, and should be read together, and construed to mean that when a testator makes provision in his will for his widow in lieu of her statutory rights in his estate, and dies the owner of both real and personal property, her rights in his estate are governed by the will unless she affirmatively elects to take under the law, as provided in §2666. (2) The election of Mrs. Murphy is a substantial compliance with the law, and therefore valid. (3) The right of election is personal to the widow, and the manner of such election should not be questioned by the personal representative, or the creditors. (4) This action is prematurely brought.

I. The legislature, as long ago as 1843, empowered a widow to circumvent an attempt of her husband to deprive her of her statutory rights in his real estate by will, but at the same time put the widow upon her election between her rights under the will and under the law, except in cases where it clearly appeared that both were intended by the testator. §101, p. 431, R. S. 1843. This statute, as modified in 1852 to conform to the substitution of a fee for a

Miller *v.* Stephens.

dower interest, has since continued to be the law of this State. The failure, however, of the statute to specify the mode of election, gave rise to much uncertainty in cases of testacy, and our reports abound with cases where the equivocal action of widows became the subject of litigation to determine whether by acts *in pais* or by estoppel they should be deemed to have elected to take the devises or pecuniary provisions of their husband's wills in lieu of their statutory rights in the real estate. To cure this evil, and to settle permanently the choice of the widow within the year of administration and before the time for distribution of the estate arrived, the legislature in 1885 (Acts 1885, p. 239, §2666, *supra,*) amended the old law by requiring all such elections to be made in writing signed by the widow, and acknowledged before some officer authorized to take the acknowledgment of deeds, and made within one year after the will has been admitted to probate and filed in the clerk's office and recorded with the will in the will record. This amendment further provides that if a widow remains passive and fails to signify her election within the time limit she shall be confined to her rights under the will. Under this and all former like statutes the widow's right of election is confined exclusively to real estate left by the husband. Prior to 1891 we had no law that protected the widow, as against her husband's will, in any portion of his personal property, and except as to her statutory right to $500 in value, the husband might, by will, wholly exclude his widow from participation in his personal estate, however large it might be, and however small his real estate, and leave her remediless. The hardship sometimes imposed by this unrestrained right of the husband induced the legislature to pass the act of 1891 (Acts 1891, p. 404, §2648, *supra,*) which provides: "If a man die testate leaving a widow, one-third of his personal estate shall descend to such widow, subject, however, to its proportion of the debts of said decedent: Provided, however, that nothing in this act

shall be construed to reduce the interest which the law now gives a widow in the estate of a deceased husband; and provided, further, that such widow may elect to take under the will of said decedent instead of this or any other law of descent of this State, which election shall be made within ninety days after said will has been admitted to probate in this State, and in the same manner as widows are now required by law to elect." When this latter statute was enacted the one in relation to election in real estate had been in force substantially as it now exists for more than fifty years, and if the legislature had intended merely to extend it in like manner over personalty, as contended by appellant, the amendment of §2666, *supra,* would have been the usual and simplest mode of accomplishing it. That the legislature did not so intend is manifest, not only by their adoption of an original act and failure to refer to §2666, *supra,* but the time in which action is required under the act of 1891 is limited to ninety days, and the effect of inaction is the reverse of that provided by §2666, *supra.* That is to say, under the latter section the widow is given a year in which to make up her mind whether she will choose the provisions made for her in her husband's will, or her legal rights in his real estate under the statutes of descent, and if she fails to act at all within the period fixed, she will be conclusively held to have chosen the will, and her rights will be governed by that instrument; while, under the act of 1891 (§2648, *supra*), in all cases where a husband dies testate his will shall have no effect upon his widow's right to one-third of his personal property remaining after the payment of debts, and her right thereto is absolute without any action on her part. In a sense the law chooses for her. But if, she prefers the provisions made for her by the will she can obtain it by signifying her preference in the manner prescribed within ninety days after the probate of the will. It is plain that §§2648, 2666 Burns 1901, are independent, substantive provisions,—one relating to personalty and the

other to real estate,—and it only remains for the courts to enforce them in all proper cases, as well in estates composed of both real and personal property as in those composed of a single class. With the expediency of the two acts and two rules of procedure in the settlement and distribution of estates we have nothing to do.

II. Assuming that the paper signed by Mrs. Murphy was intended by her as an election to accept the will of her husband in lieu of her statutory rights in both personal and real estate, for want of an acknowledgment before an officer it must nevertheless be held invalid, and of no legal effect. The right of election is purely statutory, and can only be enjoyed by a compliance with the statute conferring it. To secure definite action and overcome confusion and controversy, and remove opportunity for imposition upon defenseless widows by unscrupulous heirs, the General Assembly, by the act of 1885, as they had the power to do, provided that the right of election should depend upon its timely and solemn execution. The particular manner of execution prescribed is a condition upon which the right itself rests. The writing, the signing, and the acknowledgment before an officer, are equally essential steps, and the absence of either will make the instrument null and defeat the election. *Fosher* v. *Guilliams,* 120 Ind. 172; *Draper* v. *Morris,* 137 Ind. 169; *Dudley* v. *Pigg,* 149 Ind. 363.

It is contended that §2648 Burns 1901 does not require acknowledgment before an officer. But it clearly does. The words are that the election shall be made "in the same manner as widows are now required by law to elect." This language has the same force and effect as if the words of the act of 1885 appeared in its stead. It must, therefore, be held that no election was made by Mrs. Murphy.

III. We concede that the right of election is personal to the widow, and can be exercised by no other, but we cannot grant that her personal representative has no right to question the validity of such election if she endeavors to make

one. If the writing was void as an election, as we have seen it was, the status of Mr. Murphy's estate was exactly the same as if no election had been attempted, and if his executors were proceeding to administer his estate according to his will in contravention of the law and legal rights of the estate of Mrs. Murphy, as is alleged, it was the right and duty of the latter's administrator to interfere.

IV. This suit was not prematurely brought. The action is not for distribution, but to have the alleged election of the widow judicially declared void, and expunged from the will record.

Judgment affirmed.